PJS:MAC:mmz

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO.** 12-267 |
| | ) | |
| **v.** | ) | **(Judge** Rambo **)** |
| | ) | |
| **DARIUSZ A. PRUGAR** | ) | |

FILED
HARRISBURG
OCT 17 2012
MARY E. D'ANDREA, CLERK
Per ______ DEPUTY CLERK

**INDICTMENT**

**THE GRAND JURY CHARGES THAT:**

**COUNT I**

1. At all times material to this indictment, the Defendant, Dariusz A. Prugar, was a computer network administrator for a business located within the Middle District of Pennsylvania, hereinafter referenced as the "Business."

2. At all times relevant to this indictment, the Business provided computer services to customers throughout the region. The Business's computers, as well as their customer's computers, were used in and affecting interstate and foreign commerce and communication. The Business's computer network and the computers utilized by its customers were protected computers, as defined by 18 U.S.C. § 1030(e)(2).

3. At some point after his employment with the Business and prior to his termination in June 2010, the Defendant, unlawfully and without authority, created access points to the Business's computer network.

4. The Defendant, also, secretly accessed the internal computer communications between Business employees without their knowledge and consent.

5. Following his termination in June 2010, the Defendant, through computer program, information, code, and command, remotely accessed the Business's computer network and altered computer programs or scripts, all with the intent to cause damage to the protected computers.

6. As a result of such conduct, the Defendant did cause damage to the Business computer network in excess of $5,000. In addition, this conduct damaged more than ten customers' protected computers, some of which were engaged in the business of medical care of individuals. The damage caused by the Defendant's actions threatened public health and safety.

7. Therefore, from on or about dates unknown to the grand jury to July 2010, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**DARIUSZ A. PRUGAR**

knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer.

All in violation of Title 18 United States Code, Section 1030(a)(5)(A).

**THE GRAND JURY FURTHER CHARGES THAT:**

**COUNT II**

8. The allegations made in the other counts in this indictment are included by reference.

9. Beginning in or about dates unknown to the grand jury to July 2010, in the Middle District of Pennsylvania and elsewhere, the defendant

**DARIUSZ A. PRUGAR,**

having devised a scheme to defraud the Business by means of fraudulent pretenses, representations and promises, and for the purpose of executing the scheme to defraud, caused wire communications to cross state lines. For example, in July 2010, the Defendant secretly inserted a program, information, code, and command on the Business's computer network, which caused the Business's automated billing to fail. These billing functions were conducted in conjunction with a business entity based operated out of Fort Worth, Texas. The failure of the billing system caused wire communications to cross those state lines.

All in violation of Title 18, United States Code, Section 1343.

**THE GRAND JURY FURTHER CHARGES THAT:**

**COUNT III**

10. The allegations made in the other counts of this indictment are incorporated by reference.

11. The Defendant retained passwords to the Business's computer network and information related to the operation of the Business's computer network.

12. As alleged above, the Defendant intentionally accessed and caused damage to the Business's computer network through the use of program, information, code and command. The damage debilitated the operation of the Business and caused continuing economic harm. Representatives from the Business sought the Defendant's assistance with the damage his activities caused.

13. The Defendant attempted to obtain property from the Business, which the Business had a lawful interest in retaining. Knowing the continuing economic damage his unlawful computer entry caused the Business, the Defendant attempted to exchange the passwords and information related to the demise of the Business's computer network for the property the Defendant sought to obtain. The offer to exchange this information for these materials, through the unlawful threat of continuing economic damage to the Business, was extortionate.

14. Therefore, on or about June 2010 to July 2010, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**DARIUSZ PRUGAR**

did obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion.

All in violation of Title 18, United States Code, Section 1951.

A TRUE BILL

_____________________
[illegible]SON

_____________________
DATE

Peter J. Smith/WAC
_____________________
PETER J. SMITH
UNITED STATES ATTORNEY