IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No. 1:12-cr-0267** |
| | : | |
| **v.** | : | |
| | : | |
| | : | **Judge Sylvia H. Rambo** |
| **DARIUSZ PRUGAR** | : | |

# M E M O R A N D U M

Presently before the court is Defendant's motion to withdraw his guilty plea (Doc. 38), which the court has decided to reconsider *sua sponte* following a hearing on Defendant's Objections to the Pre-Sentence Investigation Report. Because the court finds that the evidence presented during the hearing provides substantial support for Defendant's claimed defense, the court concludes that it is fair and just to grant Defendant's motion to withdraw his guilty plea.

## I.    Background

The background of this memorandum, including the court's reasoning for revisiting Defendant's motion to withdraw his guilty plea, was set forth at length in the court's memorandum accompanying its August 3, 2015 order (*see generally* Doc. 71), and need not be repeated herein.  The following abridged version of the facts is, for purposes of the matter *sub judice*, sufficient to put the matter into context.

On October 17, 2012, Defendant, Dariusz Prugar, was charged in a three-count indictment with intentionally causing damage without authorization to a protected computer, in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(5)(A), based on an intrusion into his former employer's computer system shortly after he was terminated from his position as a computer network administrator.[1]  (*See* Doc. 1, Count I.)  On February 19, 2013, the court held a change of plea proceeding, during which Defendant entered a guilty plea to the lead felony count pursuant to a written agreement.  (Doc. 29.) Satisfied that he understood the nature of the proceedings before him and the constitutional rights he was waiving by virtue of his pleading guilty, the court accepted Defendant's guilty plea, having found that it was knowingly and voluntarily entered, had a basis in fact, and contained all the elements of the crime charged.  (*See generally* Doc. 40.)

On June 16, 2014, Defendant, through new counsel, filed a motion to withdraw his guilty plea, which was based primarily on a claim that he did not knowingly and voluntarily plead guilty, and further, that he is innocent of the crime charged.  As to his assertion of innocence, Defendant stated as follows:

---

[1]    The three counts with which Defendant was charged were: (1) intentionally causing damage without authorization to a protected computer, in violation of 18 U.S.C. § 1030(a)(5)(A); (2) wire fraud, in violation of 18 U.S.C. § 134; and (3) Hobbs Act extortion, in violation of § 18 U.S.C. § 1951.  (Doc. 1.)  Pursuant to a negotiated plea agreement, the Government agreed to dismiss the charges of wire fraud and extortion in exchange for Defendant pleading guilty to a violation of the CFAA.  (Doc. 25.)

> At the time [Defendant] changed his plea to guilty, [he]
> was unaware of an important defense available to him as
> to the charge to which he pleaded guilty; namely that the
> actions which he admittedly undertook may not have
> caused the harm which they were alleged to have caused.
> Thus, [Defendant] was unaware of his actual innocence
> at the time of his plea. While [he] admits to taking
> certain actions alleged, he now has knowledge that those
> actions do not support a conviction for [a] violation of 18
> U.S.C. § 1030(a)(5).

(Doc. 39 at p. 4 of 7.)

The court held a hearing on Defendant's motion to withdraw his guilty plea on September 11, 2014. Although his motion raised a claim of actual innocence, the evidence presented at the hearing by both the Government and Defendant was restricted to Defendant's mental state. *See generally United States v. Prugar*, Crim. No. 1:12-cr-0267, 2014 WL 4716382, *6-8 (M.D. Pa. Sept. 22, 2014) (summarizing the evidence presented at the hearing). Finding that the evidence presented did not warrant relief, the court denied the motion because Defendant's own admissions were sufficient to establish he acted with the requisite intent to cause damage to a protected computer in violation of Section 1030(a)(5)(A), and that he, therefore, could not reasonably assert his innocence. The court did not address Plaintiff's secondary argument, *i.e.,* that his actions could not possibly have caused the *harm* necessary for an offense under Section

1030(a)(5)(A), due to the complete dearth of evidence, including expert testimony, presented during the hearing, leaving his alternative argument unsubstantiated.

On April 22, 2015, the court held an evidentiary hearing on Defendant's objections to the Pre-Sentence Investigation Report ("PSR").  In support of the PSR calculation, the Government presented the testimony of four witnesses: Sam Coyle, Defendant's former employer and the owner of Netrepid; Scott Sutherland, former Special Agent with the Federal Bureau of Investigation; Eric Robertson, former programmer and network administrator with Netrepid; and Justin Best, a former computer consultant who worked on Netrepid's network.  The Government also provided several exhibits prepared by Mr. Coyle in support of the calculation. Defendant presented the testimony of Kevin Baker, a computer forensic expert.

Due to concerns arising out of the hearing related to the credibility and reliability of the Government's witnesses and evidence, and following an exhaustive review of the record, the court issued an order on August 3, 2015, indicating that it would *sua sponte* reconsider Defendant's motion to withdraw his guilty plea on the basis of actual innocence, bringing this case to its current posture.

## II. **Legal Standard**

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant must demonstrate a "fair and just reason" to withdraw his guilty plea after it has been accepted by the court. The relevant factors for determining if the withdrawal of the guilty plea is fair and just are: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). "This analysis requires that a district court consider each factor, but critically, does not make any one mandatory such that failure to establish one will necessarily dictate rejection of the motion." *United States v. Wilder*, 134 F. App'x 527, 528 (3d Cir. 2005).

Although motions to withdraw guilty pleas made before sentencing should be freely granted, *Government of V.I. v. Berry*, 631 F.2d 214, 219 (3d Cir. 1980), the defendant carries a substantial burden to demonstrate a fair and just reason for the withdrawal, *Jones*, 336 F.3d at 252. The defendant's heavy burden reflects the notion that, "[o]nce accepted, a guilty plea may not automatically be withdrawn at the defendant's whim." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001); *see also United States v. Hyde*, 520 U.S. 620, 676 (1997) ("After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis

for the plea, and after the court has explicitly announced that it accepts the plea, [the defendant cannot] withdraw a guilty plea simply on a lark."). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Brown*, 250 F.3d at 815. Ultimately, whether to allow a defendant to withdraw a guilty plea is within the sound discretion of the court and requires consideration of the facts and circumstances in each case. *United States v. Crowley*, 529 F.2d 1066, 1071 (3d Cir. 1976); *United States v. Trott*, 779 F.2d 912, 915 (3d Cir. 1985).

## III. Discussion

### A. Assertion of Actual Innocence

The success of Defendant's motion hinges upon his claim that he is actually innocent of the felony offense to which he pleaded guilty. The Third Circuit has repeatedly stated that "bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea." *U.S. v. Johnson*, 491 F. App'x 326, 329 (3d Cir. 2012) (citing *Jones*, 336 F.3d at 252). Instead, "assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (citing *U.S. v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001)). Importantly, the court is cognizant that "[a]n assertion of innocence by the defendant weighs heavily in favor of granting a plea withdrawal motion if the assertion is credible." *United*

*States v. Bruno*, Crim. No. 3:11-cr-0015, 2014 WL 2895415, *7 (W.D. Pa. June 25, 2014) (citing *Gov't of Virgin Islands v. Berry*, 631 F.2d 214, 220 (3d Cir. 1980)).

In support of his assertion of innocence, Defendant cites the Government's failure to establish a requisite element of the offense. For classification as a felony under Section 1030(a)(5)(A), Defendant's conduct must have caused certain "harm," which, in this instance, requires a loss of $5,000.00 during any one-year period. 18 U.S.C. § 1030(c)(4)(A), (B). Thus, a proper conviction requires not only the requisite criminal conduct but also the requisite resulting harm. This is where the court's decision turns.

After extensive consideration of the facts and circumstances of this case, the court concludes that the evidence of record substantiates Defendant's claim of actual innocence. For example, the only expert testimony presented during the hearing linked the purported harm to the network to the failure of two memory modules. However, the uncontroverted testimony establishes that Defendant's actions could not have caused such failure. Moreover, it is uncontroverted that multiple users who lacked familiarity with the system accessed the system in an attempt to change system passwords nearly contemporaneously with Defendant's unauthorized entry, but the record is devoid of evidence sufficient to establish whose actions caused the proverbial first domino to fall. These examples, which

are by no means exhaustive of the uncertainties apparent in the record, demonstrate that the connection between Defendant's conduct and the resulting harm is questionable at best.

While the court specifically refrains from making a finding on whether the evidence presented could establish guilt beyond a reasonable doubt, it concludes that the facts and circumstances of this case provide the requisite substantiation to Defendant's claims of actual innocence. Thus, the first factor weighs in favor of allowing Defendant to withdraw his guilty plea.

### B. Justification for Taking Contradictory Positions

In addition to meaningfully asserting his innocence, a defendant must also "give sufficient reasons to explain why contradictory positions were taken before the district court." *Jones*, 336 F.3d at 253. In this case, Defendant failed to delineate his defense to the charge until his presentation of evidence at the evidentiary hearing. Nonetheless, the court concludes that he has offered a satisfactory reason for his delay.

As stated, a felony conviction not only requires requisite conduct but also requisite consequences. The court's analysis turns squarely upon the interplay – but distinction – between admitting the commission of conduct and admitting the consequential effects thereof.

As is typical during the plea negotiation phase, a defendant must often rely upon the government's representations that his conduct satisfied the requisite elements of the crime charged. Similarly, without conducting an evidentiary hearing, the court must rely upon a defendant's admissions that he committed the conduct as well as the government's representations that the conduct caused the requisite harm. The court cannot ignore that a defendant is largely at the mercy of the government in this regard. While he knows that he committed the conduct, he may not know of the extent of the damage his conduct caused. As such, he is either required to forego the benefits of a plea for his conduct and risk harsher penalties following trial, or accept the government's calculations.

In this case, the Government's calculations relied upon the harm reported by the victim. However, as stated *supra*, the evidence of record casts significant doubt upon the accuracy of the Government's calculations. That Defendant first learned of this inconsistency during the evidentiary hearing is explainable and justifiable. Therefore, the second factor also weighs in favor of allowing Defendant to withdraw his guilty plea.

### C.     Lack of Prejudice to the Government

Lastly, the court must consider the prejudice to the Government should the court permit Defendant to withdraw his guilty plea. The Government

has not asserted, let alone presented evidence to substantiate, a claim that it will suffer substantial prejudice should the court grant Defendant the relief he requests. Indeed, the evidence remains accessible for the Government's use during an eventual trial and the guilty plea was initially entered during the preliminary stages of this matter. Accordingly, the court's conclusion on the third factor does not compel the court to deny Defendant's motion.

## IV. <u>Conclusion</u>

Having found that the evidence of record demonstrates the possibility of Defendant's innocence, that Defendant credibly explained his reason for taking contradictory positions before the trial court, and that the Government will not suffer substantial prejudice by permitting Defendant to withdraw his guilty plea, the court concludes Defendant has presented a fair and just reason to allow him to withdraw his guilty plea and that the interests of justice favor permitting Defendant to proceed to trial. The court emphasizes that its decision today is limited to the unique circumstances where a conviction for the offense requires not only the commission of conduct, to which the defendant is certainly competent to admit, but also the resultant harm, which the defendant must accept based upon the government's representations. While this duality will not universally permit a defendant to withdraw his guilty plea, the facts and circumstances here warrant

such a result.  Accordingly, Defendant's motion to withdraw his guilty plea will be granted.

An appropriate order will issue.


s/Sylvia                          _____H. Rambo
                                  United States District Judge


Dated: September 23, 2015