IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:12-cr-0267 |
| | : | |
| **v.** | : | |
| | : | |
| **DARIUSZ A. PRUGAR** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Before the court is Defendant Dariusz Prugar's ("Prugar") motion for judgment of acquittal and/or motion for new trial pursuant to Federal Rules of Criminal Procedure 29 and 33. (Doc. 106.) For the reasons that follow, the motion will be denied.

## I.     Background

Prugar was charged in a three-count indictment with (1) intentionally causing damage without authorization to a protected computer, in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(5)(A); (2) wire fraud, in violation of 18 U.S.C. § 134; and (3) Hobbs Act extortion, in violation of § 18 U.S.C. § 1951.[1]  (Doc. 1.)

On February 19, 2013, the court held a change of plea proceeding, during which Defendant entered a guilty plea to Count I pursuant to a written agreement. (Doc. 29.)  On June 16, 2014, Defendant, through new counsel, filed a motion to withdraw his guilty plea, which was based primarily on a claim that he did not

---

[1] Prugar was acquitted of Count III by the jury.

knowingly and voluntarily plead guilty, and further, that he was innocent of the crime charged. (Docs. 38 & 39.) A hearing on this motion was held on September 11, 2014, and the motion was denied by memorandum and order on September 22, 2014. (Docs. 51 & 52.) On April 22, 2015, the court held an evidentiary hearing on Defendant's objections to the Pre-Sentence Investigation Report. Due to concerns arising out of the hearing and following an exhaustive review of the record, the court issued an order on August 3, 2015, indicating that it would *sua sponte* reconsider Prugar's motion to withdraw his guilty plea on the basis of actual innocence. Another hearing was held on September 14, 2015. As a result of that hearing, the court granted Prugar's motion to withdraw his guilty plea. (Docs. 76 & 77.) Trial commenced on March 7, 2016, and concluded on March 11, 2016. The jury convicted Prugar of computer fraud and wire fraud.

**II.     Motion for Judgment of Acquittal**

    **A.     Legal Standard**

In deciding a Federal Rule of Criminal Procedure 29 motion, a court must view all of the evidence in the light most favorable to the government and all permissible inferences must be drawn in the government's favor. The question is whether there is substantial evidence upon which a jury might justifiably find the defendant guilty beyond a reasonable doubt. *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). In following the above standard, a court must not weigh the

evidence, nor make credibility determinations. *United States v. Wasserson*, 418 F.3d 225, 237 (3d Cir. 2005).

B. <u>**Motion for Judgment of Acquittal**</u>

With the above standard in mind, the court will address the evidence presented in support of the computer fraud and wire fraud counts.

i. **Computer Fraud**

At trial, the Government was required to prove the following elements beyond a reasonable doubt:

(1) that Prugar knowingly caused the transmission of a program, information, code or command, and

(2) as a result of such conduct, intentionally caused damage without authorization to a protected computer.[2]

18 U.S.C. § 1030(a)(5)(A).

The testimony presented at trial established that Prugar was employed by Netrepid, a Harrisburg area business that provided computer and internet services, as a programmer and manager of various computer technologies for the business. On June 25, 2010, Prugar was fired. Following the firing, Prugar accessed Netrepid's network to retrieve what he considered to be his own intellectual

---

[2] For Prugar to be found guilty of a felony, as he was charged in this case, the Government also had to prove that his conduct caused loss of $5,000 to one or more persons in a one year period of time or damage affecting ten or more protected computers in a one year period of time. While this court finds that the Government presented sufficient evidence for the jury to find these elements, the court does not accept the amount of damage set forth in the Government's brief in opposition to the instant motion. (Doc. 108, p. 10). The amount of damage will be decided by this court at the time of sentencing.

property. To effect the retrieval of these files without being detected, Prugar deleted log files and inputted commands that would cause log files to continue to be deleted at regular intervals to cover up his entry into the system. The Government presented written and verbal statements by Prugar in which he admitted to these actions. (Gov. Ex. 1-2.) Shortly after Prugar's entry into the system, Netrepid's system became inoperable. Netrepid's employees, contractors, and expert opined that the system failures were a result of Prugar's actions.

The Government argues that the evidence presented at trial established Prugar's intent to cause "damage." Prugar argues, however, that the evidence was insufficient for the jury to conclude that he intended for his access to cause damage to a protected computer. At trial, Prugar produced an expert who opined that the problems Netrepid experienced were likely caused by malfunctioning or misconfigured firewalls or faulty memory, and not by deleted log files.

Based on the evidence presented, the jury's verdict depended on which witnesses the jury believed to be more credible. This court cannot make evidentiary determinations. There was substantial evidence to support the jury's verdict on the computer fraud count.

    **ii.**     **Wire Fraud**

At trial, the Government was required to prove beyond a reasonable doubt that Prugar acted with a specific intent to defraud. In considering whether a

defendant acted with an intent to defraud, consideration can be given as to whether the defendant "acted with a desire or purpose to bring about some gain or benefit to himself . . . or with a desire or purpose to cause some loss to someone." Third Circuit Model Criminal Jury Instructions, 6.18.1341-4.

Prugar argues that he only intended to retrieve what he considered to be his intellectual property. (Doc. 107, p. 7.)

The Government presented evidence, as noted above, as to Prugar's statements of admission to entry into Netrepid's system, the various alterations made to the system to hide the fact that he gained unauthorized entry and the creation of new accounts and passwords for a backdoor for subsequent entries. The Government argues that these actions were taken by Prugar to benefit himself. The Government further argues that his actions were designed to harm Netrepid by causing considerable disruption to the network.

As with the computer fraud count, the jury's decision was based in large part on the credibility the jury gave to the witnesses. The court concludes that there was substantial evidence to support the jury's verdict on the fraud count.

In conclusion, the motion for judgment of acquittal will be denied.

### III.     Motion for a New Trial

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

At trial, the Government's last witness was Dr. Ates. During his testimony, he provided responses that used the phrase "prior testimony" and once made a reference to "sentencing trial." Because of the many proceedings in this case, this court specifically instructed the prosecutor to prepare the witnesses not to bring up any reference to Prugar's prior guilty plea and sentencing proceedings.

As a result of Dr. Ates' misstep, defense counsel moved for a mistrial which this court denied.

Dr. Ates was the last government witness. After the Government retired, this court gave the following curative instruction:

> THE COURT:   Ladies and gentlemen, before we begin with the testimony, there has been some terminology used in this trial so far that has been in error and misleading. Those words were prior trial and sentencing. There has not been a prior trial in this case nor has there been a sentencing. There are complex issues that arise in many civil and criminal cases that need to be resolved at hearings prior to trial. There has been no trial and no sentencing.
>
> THE JURY: Thank you.

In determining whether Prugar was prejudiced by the references used by Dr. Ates, the court must consider the following factors: "(1) whether the witness's

6

remarks were pronounced and persistent, creating a likelihood they would mislead and prejudice the jury; (2) the strength of the other evidence; and (3) curative action taken by the district court." *United States v. Riley*, 621 F.3d 312, 336 (3d Cir. 2010) (citation omitted).

The references to "some sentencing trial" and "previous trials" were each used only once and in response to a question by defense counsel. The first reference to "testimony from prior proceedings" was used by the prosecutor. The reference to "previous testimony" was used four times by Dr. Ates. While that many times during an hour's testimony may appear to be persistent, the strength of the evidence and the curative instruction alleviated any prejudice to the jury.

The motion for a new trial will be denied.

An appropriate order will issue.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: May 16, 2016